UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **AARON LEE CONNER** | **CIV. ACTION NO. 3:21-01038** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **INTERSCOPE RECORDS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge is a motion for service by U.S. Marshal [doc. # 6] filed by Plaintiff pro se Aaron Lee Conner. Pursuant to 28 U.S.C. ' 636(b) and Standing Order 3.311, the above-captioned matter has been referred to the undersigned magistrate judge for review and, as warranted, report and recommendation. For reasons that follow, it is recommended that Plaintiff's Complaint, as amended, be DISMISSED, WITH PREJUDICE, for failure to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(6). It is further ordered that Plaintiff's motion for service by U.S. Marshal [doc. # 6] is DENIED, as moot.

## Background

On April 16, 2021, Plaintiff pro se Aaron Lee Conner filed the instant complaint against Interscope Records for copyright infringement. (Compl.). He alleged that his "music was recorded and sold," over $3 billion was made from record sales, but he received nothing. *Id*. His request for relief comprised $1.75 billion. *Id*.

On May 5, 2021, the court granted Plaintiff's motion for leave to proceed in forma pauperis ("IFP"). [doc. #s 2, 4]. On May 12, 2021, Plaintiff filed the instant motion to serve Defendant by U.S. Marshal. [doc. # 6]. On May 14, 2021, the court reviewed the Complaint and observed that Plaintiff had failed to set forth requisite facts to support all of the elements for

his copyright claim.  (May 14, 2021 Order [doc. # 7]).  Accordingly, the undersigned gave Plaintiff two additional weeks, until May 28, 2021, to amend his Complaint to set forth facts to support his copyright infringement claim.  *Id*.

On June 1, 2021, Plaintiff amended his complaint and assured the court that he had "recorded proof with dates and times," but that he did not have "government copywrights [sic] at the time."  (Pl. Amend. Compl. [doc. # 8]).  Plaintiff explained that he had paperwork and "files on [the] internet."  *Id*.  He added that he would present this evidence to the attorney for Interscope Records when he came by to speak to him.  *Id*.  Because he remained incarcerated, Plaintiff had very limited access to "things," but if the attorney ever requested it, he would go get it all.  *Id*.  Plaintiff assured the court that he was not lying or being frivolous, but instead was trying to advance this matter legally without taking matters into his "own hands."  *Id*.

### **Frivolity Review**

Where, as here, the court has authorized the plaintiff to proceed IFP, the court, at any time, shall dismiss a defendant against whom the action proves patently frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief that is barred by a defense of immunity.  *See* 28 U.S.C. 1915(e)(2)(B) & (C).  The court may screen the complaint and enter such dismissals*,* sua sponte.  *See e.g., Allard v. Quinlan Pest Control Co., Inc.*, 387 Fed. App'x. 433, 440 (5th Cir. 2010); *Chapman v. Arlington Housing Authority*, 145 Fed. App'x. 496 (5th Cir. 2005).  In so doing, the court may consider affirmative defenses that are apparent from the record.  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).[1]

---

[1] An early determination of the merits of an IFP complaint provides significant benefit to courts (because it permits effective and efficient use of scarce resources), to defendants (because it frees them from the burdens of patently meritless and harassing litigation), and to plaintiffs (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  *See Ali, supra*.

## **Applicable Standard**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim=s Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*.

Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

## Discussion

Here, Plaintiff asserted a claim against Defendant for copyright infringement, which requires proof of but two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T & S Software Associates, Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282 (1991). In his initial complaint, Plaintiff alleged only that his music was recorded and sold, without compensation. However, he failed to set forth any facts to identify his copyrighted work and how or when Defendant had copied it.

In his Amended Complaint, Plaintiff still has failed to include any facts to support ownership in a work that Defendant has copied. The court appreciates that Plaintiff is imprisoned and likely unable to personally access the requisite documents to prove his claims. However, he at least should be able to identify his protected work and show how Defendant has copied it. After all, Plaintiff has filed this suit and alleged *just that* – albeit in conclusory fashion. If Plaintiff has reasonable and actual grounds to support his claim, then he should be in possession of requisite facts to support the elements of his claim. He was only required to amend his complaint to state the facts supporting his claim, but failed to do so.

Alternatively, if he has pertinent documents or information stored elsewhere, then he certainly could ask a friend or family member to access the information for him. He could have also provided documents to support his claim in this way.

However, despite the opportunities to amend his complaint again, Plaintiff has failed to take either alternative method of properly alleging a copyright claim. Plaintiff's conclusory

4

allegations and assurances do not suffice to state a plausible claim for relief for copyright infringement.

## Amendment

The undersigned recognizes that "before dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend." *Bruce v. Little*, 568 Fed. App'x. 283 (5th Cir. 2014) (citing *inter alia*, *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998)). However, Plaintiff already has amended his complaint once. The amendment merely reinforced the same conclusory allegations that Plaintiff included in his original complaint. Therefore, at this stage, further amendment appears futile.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Plaintiff's Complaint, as amended, be DISMISSED WITH PREJUDICE, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER ORDERED that Plaintiff's motion for service by U.S. Marshal [doc. # 6] is DENIED.

Under the provisions of 28 U.S.C. Sec. 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 7th day of June, 2021.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE